```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| Gregory and Anjeza Lemelson ) | Civil Action No. 12-10677-PBS |
| Plaintiffs,            ) |  |
| )  |  |
| v.                     ) |  |
| )  |  |
| U.S. Bank National Association, ) |  |
| Defendant.        ) |  |

September 28, 2012

Saris, U.S.D.J.

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Mortgagors Gregory and Anjeza Lemelson have brought a try title action against U.S. Bank National Association ("U.S. Bank") under M.G.L. ch. 240, § 1.  U.S. Bank moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  After review of the record, the Court **ALLOWS** the motion to dismiss.

### II. BACKGROUND

On a motion to dismiss, the Court must assume the facts alleged in plaintiffs' complaint to be true.  In August 2006, Gregory Lemelson executed a promissory note payable to Mortgage Master, Inc. and simultaneously granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). (Doc. No. 1-3 at 26).  As mortgagor, Lemelson retains either an equitable title or

an equity of redemption.[1]  Lemelson stopped paying his mortgage after April 14, 2010.  In March 2011, MERS purported to assign both the note and mortgage to U.S. Bank. (Doc. No. 1-3 at 27).  Lemelson alleges this assignment was fraudulent, invalid, void and/or legally inoperative.  (See id.)

On November 7, 2011, Lemelson brought a quiet title action against U.S. Bank in the Massachusetts Land Court, which was subsequently removed to federal district court based on diversity jurisdiction.  See 28 U.S.C. § 1332.  Magistrate Judge Collings determined that Lemelson lacked standing in federal court to bring a quiet title action, and recommended that I remand the case to state court pursuant to 28 U.S.C. § 1447(c).  See Lemelson v. U.S. Bank Nat'l Ass'n, No. 11-cv-12050-PBS, Doc. 16 at 9 (D. Mass. Mar. 7, 2012).  Before the Court ruled on Judge Collings's recommendation, Lemelson voluntarily dismissed the complaint.  See id., Doc. 33 (D. Mass. Mar. 21, 2012).

One week later, Lemelson filed this action to try title under M.G.L. ch. 240, § 1. (Doc. No. 1-3 at 26).  The case was

---

[1] Lemelson claims to have an "equitable right of redemption." (Doc. No. 1-3, at 28).  Lemelson likely means that he has "either equitable title (if there has been no default) or an equity of redemption (if default has occurred)." Bevilacqua v. Rodriquez, 460 Mass. 762, 776 (2011).  Because Lemelson alleges he is not in default to U.S. Bank, the Court construes Lemelson's petition as claiming equitable title.  However, this determination is not dispositive, because neither an equitable title nor an equity of redemption is adverse to a claim of legal title.  Id. at 776.

again removed to this Court based on diversity jurisdiction. On April 24, 2012, the Court denied Lemelson's motion for a preliminary injunction enjoining U.S. Bank from foreclosing upon the property. (Doc. No. 7 at 3). Defendant U.S. Bank now moves to dismiss under Rule 12(b)(6).

### III. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court takes the allegations in the complaint as true, making all reasonable inferences in favor of the plaintiffs. Hill v. Gozani, 638 F.3d 40, 55 (1st Cir. 2011). Dismissal for failure to state a claim is appropriate when pleadings fail to set forth factual allegations respecting each element necessary to sustain recovery under a legal theory. Gagliardi v. Sullivan, 513 F.3d 301, 304 (1st Cir. 2008).

### IV. ANALYSIS

The try title statute M.G.L. ch. 240, § 1 provides that an action may be brought "[i]f the record title of land is clouded by an adverse claim." The statute was enacted to allow property owners to remain in possession of their land while clearing adverse claims from unlawful entrants. See Bevilacqua v. Rodriguez, 460 Mass. 762, 768 (2011). A plaintiff may bring a

try title action if 1) he possesses disputed property, 2) he holds a record title on the property, and 3) an adverse claim (or possibility thereof) clouds his record title. Id. at 767, 776; see M.G.L. ch. 240 § 1.

At the preliminary injunction hearing, U.S. Bank conceded that Lemelson possessed the disputed property and held record title. (Doc. No. 10 at 14, 16-17). The issue is whether an adverse claim clouds his record title. U.S. Bank claims to be the mortgagee in possession of legal title. (Doc. No. 1-3, at 28). "[A] mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains." Bevilacqua, 460 Mass. at 774 (internal quotations omitted). Although the bank's and the record title holder's economic interests may diverge, legal title and equitable title remain "complementary," not adverse. Id. at 776. Therefore, U.S. Bank's claim to legal title is not adverse to Lemelson's equitable title, and Lemelson's try title action fails.

## V. ORDER

For the forgoing reasons, U.S. Bank's motion to dismiss (Doc. No. 8) is **ALLOWED** without prejudice to challenging the foreclosure in state court. The plaintiffs' motion to amend the petition and serve additional parties (Doc. No. 14) is **DENIED** because plaintiffs have not alleged in the motion facts to

support the claim that the additional parties have claims adverse to the plaintiffs' title.

                                         /s/ PATTI B. SARIS  
                                        PATTI B. SARIS  
                                        United States District Judge